IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

DURRION MORRISON,              )
                               )
           Petitioner,         )
                               )
    v.                         )   C.A. No. 22-1208 (MN)
                               )
ROBERT MAY, Warden, and THE    )
ATTORNEY GENERAL OF THE STATE  )
OF DELAWARE,                   )
                               )
           Respondents.        )

## MEMORANDUM ORDER

At Wilmington, this 21st day of August 2023;

**I.  BACKGROUND**

> On November 3, 2017, [Petitioner] entered into a Plea Agreement whereby he agreed to plead guilty to Murder Second Degree (as a lesser included offense of Murder First Degree) and Possession of a Firearm During Commission of a Felony ("PFDCF").  At that time, [Petitioner] also executed the Truth-in-Sentencing Guilty Plea Form.  Through that agreement, [Petitioner] agreed that he was not promised anything not otherwise stated in the written plea agreement, that he was not threatened or forced to enter the plea, and that he was waiving certain constitutional rights including the right to force the State to prove guilt beyond a reasonable doubt, to hear and question the witnesses, present evidence in his defense, and to testify. At the plea hearing, [Petitioner] admitted that he caused the death of another person during an attempted robbery.
>
> *          *          *
>
> [Petitioner] was sentenced as follows: Murder Second Degree, 25 years at Level V, suspended after 17 years for 2 years at Level III; and PFDCF, 3 years at Level V with no probation to follow. If [Petitioner] had not entered into a plea, he was facing numerous high level felony charges, and the possibility of imprisonment for the remainder of his natural life.

*State v. Morrison,* 2020 WL 1316834, at *1 (Del. Super. Ct. Mar. 16, 2020).  Petitioner did not

appeal.  He did, however, pursue post-conviction relief in the Delaware state courts via a Rule 61

motion. *See* Del. Super. Ct. R. 61. The Superior Court denied Petitioner's Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *See Morrison*, 2020 WL 1316834, at *5; *Morrison v. State*, 274 A.3d 1006 (Table), 2022 WL 790507, at *7 (Del. Mar. 16, 2022). Thereafter, Petitioner filed in this Court a petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. (D.I. 1)

Presently pending before the Court is Petitioner's Motion for Release Pending Disposition of Habeas Corpus Proceeding (D.I. 10), asking that he be released during the pendency of the instant § 2254 proceeding. Although Petitioner has filed the Motion pursuant to 18 U.S.C. § 3143(b), the appropriate method for a state prisoner seeking federal habeas corpus review who is also seeking to be released would be to file a motion requesting bail. Consequently, the Court will construe the instant request to be such a motion. Nevertheless, for the reasons set forth below, the Court will deny Petitioner's request.

## II.     GOVERNING LEGAL PRINCIPLES

Federal courts in the Third Circuit have the authority to release a state prisoner on bail pending resolution of his habeas petition when the "petitioner has raised substantial constitutional claims upon which he has a high probability of success" and "extraordinary or exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). Notably, however, "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving [the prisoner's] poor health or the impending completion of the prisoner's sentence." *Id*.

### III. DISCUSSION

In his Motion, Petitioner asks to be released during the pendency of the instant habeas proceeding because: (1) he "will be on Federal Supervised Custody upon his prospective release"; (2) he "has strong familial support with his wife, as well as strong religious community support upon his prospective release"; and (3) he "has suffered with asthma throughout most of his life, and recently the COVID virus has posed significant danger to Petitioner's health." (D.I. 10 at 2). In a subsequent letter, Petitioner reiterated that he "struggle[s] with Asthma and underline [sic] COPD which are chronic illnesses [that] are getting worse." (D.I. 17 at 3). Petitioner has also filed medical records (D.I. 18) and a copy of a medical grievance he filed with prison authorities (D.I. 17-1).

Petitioner's arguments do not satisfy the stringent standard for assessing bail requests in habeas proceedings. Even if the Court were to assume, without deciding, that Petitioner has a high probability of success on the constitutional claims in his Petition, Petitioner has not demonstrated exceptional circumstances.[1]

### IV. CONCLUSION

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that Petitioner's Motion for Release Pending Disposition of Habeas Corpus Proceeding (D.I. 10) is DENIED.

*The Honorable Maryellen Noreika*
United States District Judge

---

[1] Although there is no bright line standard as to what would demonstrate exceptional circumstances, the Court notes that the copy of the medical grievance Petitioner provided in April 2023 demonstrates only that he filed a grievance and does not support his assertions about underlying health issues. In addition, the most recent medical record Petitioner provided is from 2019. (D.I. 18).