IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DURRION MORRISON, | ) |
| Petitioner, | ) ) ) |
| v. | ) C.A. No. 22-1208 (MN) |
| BRIAN EMIG, Warden, and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | ) ) ) ) ) |
| Respondents. | ) |

**MEMORANDUM ORDER**

At Wilmington, this 13th day of September 2024;

**I.     BACKGROUND**

On August 21, 2023, the Court denied Petitioner Durrion Morrison's Motion for Release on Bail Pending Disposition of Habeas Corpus Proceeding. (D.I. 24). On September 12, 2023, Petitioner filed a Motion for Reconsideration of the Court's denial of his Motion for Release on Bail, along with updated medical records. (D.I. 25; D.I. 26; D.I. 27). Thereafter, in December 2023, Petitioner filed a Letter Motion for Emergency Release (D.I. 30) and a Motion to Compel Production of Cell Phone Records Pursuant to Federal Rule of Civil Procedure 37 (D.I. 31), and on August 2, 2024, he filed a Letter Motion Requesting Expedited Ruling on the aforementioned motions (D.I. 34).

**II.    STANDARDS OF REVIEW**

**A.     Bail**

Federal courts in the Third Circuit have the authority to release a state prisoner on bail pending resolution of his habeas petition when the "petitioner has raised substantial constitutional claims upon which he has a high probability of success" and "extraordinary or exceptional

circumstances exist which make the grant of bail necessary to make the habeas remedy effective." *Landano v. Rafferty*, 970 F.2d 1230, 1239 (3d Cir. 1992). Notably, however, "[v]ery few cases have presented extraordinary circumstances, and those that have seem to be limited to situations involving [the prisoner's] poor health or the impending completion of the prisoner's sentence." *Id*.

### B. <u>Discovery</u>

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rather, decisions on discovery requests rest in the sound discretion of the court. *See Levi v. Holt*, 192 F. App'x 158, 162 (3d Cir. 2006). Rules 6 and 7 of the Rules Governing Section 2254 Cases in the United States District Courts provide further guidance for discovery issues in habeas proceedings. *See* Rules 6 and 7, 28 U.S.C. foll. § 2254. Pursuant to Rule 6(a), a federal habeas judge may authorize a party to conduct discovery under the Federal Rules of Criminal or Civil Procedure only if the judge determines there is "good cause" for such discovery. *See* Rule 6(a), 28 U.S.C. foll. § 2254. Rule 6(b) states that a "party requesting discovery must provide reasons for the request [. . .] and must specify any requested documents." Rule 6(b), 28 U.S.C. 28 U.S.C. foll. § 2254. "The burden rests upon the [movant] to demonstrate that the sought-after information is pertinent and that there is good cause for its production." *Williams v. Beard*, 637 F.3d 195, 209 (3d Cir. 2011); *see also Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994) (a petitioner establishes "good cause" by "point[ing] to specific evidence that might be discovered that would support a constitutional claim"). Under the "good cause" standard, a district court may grant leave to conduct discovery in habeas proceedings only "where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908–09. In turn, Rule 7 provides

that, "[i]f the petition is not dismissed, the judge may direct the parties to expand the record by submitting additional materials relating to the petition."  Rule 7(a), 28 U.S.C. foll. § 2254.

### III.   DISCUSSION

#### A.   Denial of Bail Reconsideration

The Court denied Petitioner's Motion to be Released on Bail because his arguments did not satisfy the stringent standard for assessing bail requests in habeas proceedings. (D.I. 24). More specifically, the Court concluded that, even if it presumed Petitioner had a high probability of success on the constitutional claims in his Petition, Petitioner's outdated medical records did not demonstrate exceptional circumstances warranting a release on bail. (D.I. 24 at 3 n.1).

In his Motion for Reconsideration, Petitioner asserts that he has

> obtained up-to-date medical records that provide a more detailed account of his deteriorating health conditions, notably his asthma and COPD.  These records demonstrate a worsening trend, underscoring the immediate and significant danger to Petitioner's health if he remains incarcerated, especially amidst potential COVID outbreaks.

(D.I. 25 at 1).  In his Motion for Emergency Release, Petitioner asks the Court to expedite its decision on his Motion for Reconsideration, "due to the conditions of the prison facilities and how the health care system is ineffective." (D.I. 30 at 1).  Petitioner asserts that "Covid-19 is back on the rise and has been lingering through the prison already." (*Id.*).

The updated medical records provided by Petitioner indicate the following:

1. On July 18, 2023, Petitioner was noted as having: (a) "mild intermittent asthma, uncomplicated"; and (b) "mitral regurgitation mild observation." (D.I. 26 at 6).

2. On January 20, 2023, Petitioner was noted as saying that "he is doing well" and "rarely uses his inhaler but for the last few days he has been using his inhaler daily due to changes in the weather as well as exercise." (D.I. 26 at 9).

3

Petitioner has also provided a copy of a medical grievance report dated December 20, 2023, wherein he asserts that "I want to have test done for mold or poison in my body. I want my lungs clean so I can breathe." (D.I. 32-1 at 2). The informal resolution appears to be that Petitioner was seen in "sick call" on December 28, 2023 "regarding medical concerns listed in grievance," and he was directed "to submit sick call if symptoms worsen." (*Id*.).

Again, even if the Court were to assume, without deciding, that Petitioner has a high probability of success on the constitutional claims in his Petition, Petitioner's Motions still do not demonstrate exceptional circumstances satisfying the stringent standard for assessing bail requests in habeas proceedings. Although the updated medical records substantiate Petitioner's assertion that he suffers from asthma and mitral regurgitation, the records do not demonstrate that these medical issues are the type of extraordinary health circumstances warranting release on bail. Accordingly, the Court will deny the Motion for Reconsideration as well as the Motion for Emergency Release.

      **B.**      **Discovery Request for Cell Phone Records**

In his Motion to Compel the Production of Cell Phone Records, Petitioner asks the Court to "intervene" and "compel the production of vital cell phone records from U.S. Sprint, which are crucial to establishing his actual innocence and demonstrating prosecutorial misconduct and ineffective assistance of counsel." (D.I. 31 at 1). Petitioner explains that he has already submitted copies of the alleged tampered cell phone records, and he contends that he needs the requested records to "confirm that the phone data used in [his] original trial proceeding were altered and manipulated, thereby significantly affecting his autonomy in pleading guilty." (*Id*. at 2). Although Petitioner has filed his Motion to Compel pursuant to Federal Rule of Civil Procedure 37, given his stated request for relief, the Court construes the Motion as though filed pursuant to Rules 6 and

7 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. § foll. 2254.

The Motion to Compel essentially restates several grounds for relief that are asserted in the pending Petition.  After preliminarily reviewing the Answer and record provided by the State, the Court is not persuaded that the requested records would aid Petitioner in demonstrating he may be entitled to relief.  Under these circumstances, the Court finds that expanding the record under Rule 7 to include the cell phone records is not necessary for it to evaluate the claims in the Petition. In turn, to the extent Petitioner's request should be treated as presented under Rule 6, Petitioner has failed to demonstrate good cause for his discovery request.  Therefore, the Court will deny Petitioner's Motion to Compel.

### C.   Motion for Expedited Ruling

Petitioner has filed a motion asking for an expedited ruling on the aforementioned motions. (D.I. 34).  Given the Court's decision to deny his Motion for Reconsideration, his Motion for Emergency Release, and his Motion to Compel the Production of Cell Phone Records, the Court will deny as moot his Motion for Expedited Ruling.

### IV.   CONCLUSION

THEREFORE, for the reasons set forth above, IT IS HEREBY ORDERED that Petitioner Durrion Morrison's Motion for Reconsideration (D.I. 25), his Motion for Emergency Release (D.I. 30), his Motion to Compel the Production of Cell Phone Records (D.I. 31) are **DENIED**.

IT IS FURTHER ORDERED that his Motion for an Expedited Ruling on his Motions (D.I. 34) is **DENIED** as moot.

IT IS FINALLY ORDERED that the Clerk shall amend the caption on the docket by substituting Warden Brian Emig for former Warden Robert May, an original party to the case. *See* Fed. R. Civ. P. 25(d).

                                            /s/ Maryellen Noreika
                                            The Honorable Maryellen Noreika
                                            United States District Judge